**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENDELL NICKELSON,                                                                PLAINTIFF
ADC #150640

v.                                          5:16CV00082-JM-JTK

MARSHALL REED, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Kendell Nickelson is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC).    He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging denial of access to the courts, and requesting monetary relief from Defendants Chief Deputy Director Marshall Reed, Warden Billy Straughn, and Mailroom Supervisor Tina Gibson. By Order dated October 24, 2016, this Court dismissed Plaintiff's monetary claims against Defendants in their official capacities (Doc. No. 37).

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 44-46).    When Plaintiff failed to respond, this Court issued an Order on June 29, 2017, directing him to respond within fifteen days of the date of the Order (Doc. No. 47).    The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)    As of this date, Plaintiff has not responded to the Motion.

## II.    Complaint

Plaintiff alleged that he was sentenced to ninety years for aggravated robbery and theft of property on August 5, 2011. (Doc. No. 2, p. 3)   His appeal, petition for post-conviction relief, and appeal of that decision, all were denied. (Id.) The final appeal was denied on June 6, 2013, but he did not receive notice of the mandate until May 4, 2015, after the deadline for filing for habeas relief. (Id., pp. 3-4)   Plaintiff alleged the mailroom failed to provide him with a reasonable explanation for the delay and passed the blame on others, and that the failure to receive timely notice of the mandate deprived him of the right to file a habeas petition. (Id., p. 5)

**III.    Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"   Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by

3

the non-moving party...."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Defendants state they are protected from liability by qualified immunity, which protects officials who act in an objectively reasonable manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]   Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

4

affirmative.   Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In this case, Defendants state Plaintiff failed to prove that their policies/actions interfered with Plaintiff's access to the courts.   According to Plaintiff's deposition testimony, the ADC delivers mail six days every week and sends out mail five days a week. (Doc. No. 44-1, pp. 4-5). Plaintiff testified that he believes the mail was not intentionally kept from him, but merely misplaced, because the mail was marked with the cell/barracks where he was housed in 2013. (Id., pp. 6-7) He also admitted that he had no knowledge or evidence about when the Cummins Unit actually received the mandate from the Court. (Id., p. 9)

Defendants also state that Plaintiff's allegations against them should be dismissed because they are based solely on their supervisory positions, and that he admitted that Defendants were not responsible for the mail delay.    In his deposition, Plaintiff stated he sued Defendant Reed because "[t]he director…is over everybody; so anything happen up under him fall back on him." (Doc. No. 44-1, p. 11).   He added that he never communicated with Reed about his legal mail situation. (Id.) Plaintiff stated he named Defendant Straughn because the Warden is at the top of the chain.    (Id., p. 12)   Finally, although Plaintiff spoke with Defendant Gibson about the issue, he did so only after he filed this lawsuit, and admitted that Gibson was not employed in the mailroom in 2013 during the time he claims the mail was improperly misplaced. (Id., pp. 8, 12)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See Fed.R.Civ.P. 56(e)(2), (3).

To support a claim for denial of access to the courts, Plaintiff must allege and prove that Defendants acted deliberated and maliciously to interfere with his legal mail, and impeded his

access to the court or prejudiced an existing action. <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). In this case, although Plaintiff does allege an actual injury to his habeas action, he fails to provide proof of Defendants' involvement in the delay, or that the delay was caused by deliberate and malicious action.    In addition, Plaintiff admits that his allegations against Defendants are based on their supervisory positions, which cannot support a constitutional claim.    Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.    <u>See</u> <u>White v. Holmes</u>, 21 F.3d 277, 280 (8th Cir. 1994).    A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.    <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1376 (8th Cir. 1993).    In this case, Plaintiff does not provide any proof that any of the three Defendants possessed knowledge of or were personally involved in the delay of his mail from 2013 until 2015.

Therefore, upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds that Defendants acted reasonably under the circumstances.    No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 44) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 19th day of July, 2017.

                                      _____
                                        JEROME T. KEARNEY
                                        UNITED STATES MAGISTRATE JUDGE